INTERCONTINENTAL TRANSPORTATION CO., Inc., Owner of the S.S. Natalie, Petitioner,

v.

STATES MARINE LINES, INC. and Arrow Steamship Company, Inc., Respondents.

United States District Court
S. D. New York.

May 15, 1961.

Healy, Baillie & Burke, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, for respondents.

THOMAS F. MURPHY, District Judge.

It seems obvious to us that the retroactive Subcharter Addendum One signed three days after the fire by the owner's agent and respondent States Marine, both of whom had knowledge of the fire, was for the purpose of substituting the owner for Arrow. We are fortified in this conclusion by the subsequent acts of States Marine, viz., (1) the payment to the owner of charter hire for one day; (2) States Marine's invoking the "breakdown clause" of the Arrow-States Marine Subcharter by asserting against the owner a claim for off-hire, and (3) its charging the owner with the cost of fuel consumed during the off-hire period prior to the date of the Subcharter Addendum One. Accordingly, it is bound by the terms of the arbitration clause of the Arrow/States Marine Subcharter. Cf. Fisser v. International Bank, 282 F.2d 231 (2d Cir., 1960).

We are satisfied, too, that the dispute concerning the fire is arbitrable since the issue seems to be whether the fire was caused by the failure of the charterer to properly carry out its obligation of discharging the vessel. See In re Canadian Gulf Line, 98 F.2d 711 (2d Cir., 1938).

Accordingly, States Marine is hereby order to proceed to arbitration with the petitioner owner.

This is an order. No settlement is necessary.